(80 South. 265)

No. 23050.

PUTNAM & NORMAN, Limited, et al. v. CONNER et al.

(Nov. 4, 1918. Rehearing Denied Dec. 2, 1918.)

*(Syllabus by Editorial Staff.)*

1. COURTS ⊖⟳23 — RECEIVERS OF FOREIGN COURT—JURISDICTION OF LOUISIANA COURT —WAIVER OR CONSENT OF RECEIVERS.

In a suit by creditors of a Mississippi bank against its receivers as officers of chancery court of Mississippi, and its stockholders, etc., to annul receivers' sale of plantation in Louisiana, the receivers could not, by their waiver or consent, confer jurisdiction upon a Louisiana district court if it otherwise had no jurisdiction of suit to set aside the orders and decrees of the chancery court of Mississippi, having jurisdiction.

2. JUDGMENT ⊖⟳822(4) — FULL FAITH AND CREDIT—JUDGMENT AFFECTING LAND.

The full faith and credit clause, Const. U. S. art. 4, § 1, means that full faith and credit shall be given in each state to the judicial proceedings of every other state in which the courts of such other states had jurisdiction, and thereunder a state court cannot go beyond its territorial jurisdiction and control the mode of transfer of titles to realty in another state contrary to the lex loci rei sitæ.

3. COURTS ⊖⟳17 — JURISDICTION — PROPERTY IN STATE—RECEIVERS.

The chancery court of Mississippi having jurisdiction over its receivers of a Mississippi bank and over all property under their administration had jurisdiction to order receivers' sale of the bank's property in Louisiana; the question whether the transfer was made in violation of the lex loci rei sitæ not determining the court's jurisdiction.

4. COURTS ⊖⟳517 — CONFLICTING JURISDICTION—RECEIVERS—ORDER OF SALE—ANNULMENT—SITUS OF LAND.

Where creditors of Mississippi bank in receivership in Mississippi chancery court were only demanding that receivers' sale of bank's Louisiana property be annulled, because of their interest in the proceeds of another sale, their contention that sale violated Louisiana law because not offered at public auction, was without merit, as any such error affected only proceeds and not the title, and a Louisiana district court could not annul chancery court's order to sell, or its decree confirming the sale.

5. JUDICIAL SALES ⊖⟳8—PUBLIC AUCTION— PURPOSE OF LAW.

Civ. Code, art. 2617, requiring all judicial sales to be made at public auction, are not regulations of method of transfer of title to realty, but merely of method of administration and disposition of property by fiduciary officers; their purpose being that the price received shall be greater, and not that the title given shall be better.

Appeal from Tenth Judicial District Court, Parish of Concordia; N. M. Calhoun, Judge.

Revocatory action by Putnam & Norman, Limited, and others, against L. P. Conner and L. R. Martin, receivers of the First Natchez Bank, and others. Pleas to jurisdiction overruled as to suit of Putnam & Norman, and sustained as to the other plaintiff, and exception of no cause of action sustained, and the suit of both plaintiffs was dismissed, and plaintiffs appeal. Judgment dismissing the plaintiffs' suit affirmed.

G. P. Bullis, of Vidalia, for appellants.

Moore, Burford & Moore, of Texarkana, Ark., Richard F. Reed, of Natchez, Miss., R. D. Calhoun, of Vidalia, and White, Holloman

& White, of Alexandria, for appellees F. H. Drake and L. & A. Ry. Co.

Dale, Young & Dale, Robert D. Calhoun, and Hugh Tullis, all of Vidalia, H. H. White, of Alexandria, and Engle & Laub, of Natchez, Miss., for other appellees.

O'NIELL, J. This action is brought by two creditors of the First Natchez Bank, a corporation domiciled in Adams county, Miss., to annul a sale made by the receivers of the bank under orders of the chancery court in Adams county, Miss., of a plantation situated in Concordia Parish, La. And the question is whether the district court of Concordia parish, La., had jurisdiction of the case.

The suit was brought against the purchaser of the plantation, residing in the state of Iowa, and against the receivers, residing and domiciled in Adams county, Miss., appointed by and serving under the orders of the chancery court for that county. By supplemental petition, the plaintiffs cited other parties as defendants, who had bought portions of the plantation from the one who had bought from the receivers.

The defendants filed pleas to the jurisdiction of the court, ratione materiæ et personæ. The pleas were argued and submitted for decision; and, having the matter under advisement, the judge requested that the defendants then file, with reservation of their pleas to the jurisdiction, any other pleas or exceptions that they intended to urge in the event of his overruling the pleas to the jurisdiction. With that reservation (to which plaintiffs' counsel objected), the defendants filed exceptions of no cause or right of action and pleas of estoppel and of res judicata. It appears that, although the judge heard arguments on all of the pleas and exceptions, he ruled on only the pleas to the jurisdiction and the exceptions of no cause or right of action. The pleas to the jurisdiction were overruled as to the suit of

Putnam & Norman (the amount of whose claim against the bank is $8,133.31), and were sustained as to the other plaintiff (the amount of whose claim is only $20.70). The exceptions of no cause or right of action were sustained and the suit of both plaintiffs was dismissed. The plaintiffs prosecute this appeal; and all of the defendants except the receivers, answering the appeal, pray that the pleas to the jurisdiction of the district court be sustained against Putnam & Norman as well as against the other plaintiff, and, in the alternative, that the judgment sustaining the exceptions of no cause or right of action be affirmed.

The petition apparently contains two demands in the alternative, the primary demand being for the annulment of the sale for fraud on the part of the receivers and the purchaser, the alternative demand being for an annulment of the sale because it was not made by public auction, but by an ordinary conventional transfer by authentic act. As a matter of fact, the petition sets forth only one cause for demanding an annulment of the sale; that is, that it was not made at public auction, and that, as plaintiffs aver, the price realized was only a third of the value of the property, only a third of what it would have been if the sale had been made at public auction. There is no allegation that the receivers were in bad faith. On the contrary, there is an allegation which, in effect, admits that they acted in good faith, merely obeying the orders of the chancery court, whose officers they were. We refer to the allegation that the receivers were ignorant of the value of the property, were deceived by the purchaser as to the value, and in fact made opposition to his proposition to buy the property. From that we infer that the question of advisability of selling the property at the price offered was fully considered by the chancery court before the receivers were ordered to make

the sale, in the receivership proceedings, to which the plaintiffs and all other creditors of the bank were parties. In fact, the plaintiffs admit in their petition that they took part in the receivership proceedings in the chancery court in Adams county, Miss., and proved their claims there; and, in effect, they admit that they have received distributive dividends from the receivers, for they allege that, at the time the receivers were appointed, the claim of Putnam & Norman amounted to $9,918.67, and the claim of the other plaintiff amounted to $23, and that Putnam & Norman have since received $1,-785.36 of their claim, and that the other plaintiff has received $2.30, exactly 10 per cent. of his claim. And there is the further allegation that the bank and its affairs were, when this suit was filed, and had been continuously for more than four years, under administration by the receivers appointed by the chancery court in Adams county, Miss.

The petition discloses that there was a receivership of the bank pending in the district court of Concordia parish during a period of three years; that is, from a date about one month after the receivers were appointed by the Mississippi court to a date ten months before this suit was filed, at which date the administration was closed and the Louisiana receivers were discharged.

The petition does not disclose what property, if any, was administered by the Louisiana receivers. It is alleged that, during their administration, the plantation in contest belonged to a corporation styled the Concordia Planting Company, of which the bank owned all of the capital stock; and that, under orders of the chancery court in Adams county, Miss., the plantation was transferred to the receivers appointed by that court, as a convenient means of converting the capital stock into cash, by having the receivers make the sale, which is in contest in this suit. Hence it appears that the plantation itself was

never the property of the bank, but the title was vested in the receivers as officers of the chancery court in Adams county, Miss., for the purpose merely of converting into cash, for administration by the receivers and distribution among the creditors of the bank, the capital stock in the Concordia Planting Company. That view of the case, however, need not influence our judgment on the question at issue.

The plaintiffs had the two individuals who had served as receivers in the district court of Concordia parish cited to show cause why they should not be reinstated in office, or, in the alternative, why they or other receivers should not be newly appointed to take charge of the plantation when the sale should be annulled.

Curators ad hoc were appointed to represent the absentees, including the receivers in Mississippi; but all of the defendants employed attorneys, who appeared and filed the pleas to the jurisdiction and the other pleas and exceptions. One of the receivers residing in Mississippi was cited personally in Concordia parish, La.

The prayer of the petition is: First, that the plaintiffs have judgment against the bank and the receivers thereof for the amount of their claims, respectively, and, in the alternative, that the judgments and decrees of the chancery court in Adams county, Miss., recognizing the plaintiffs' claims, be confirmed and made the judgments of the district court of Concordia parish; second, that the sale complained of be annulled, in so far as it affects the plaintiffs' claims, and that all of the property or money taken from the bank or the receivership by virtue of the sale, or the value of the property, to the amount of the plaintiffs' claims, be applied to the payment thereof, and that the sheriff of Concordia parish be ordered to seize and sell the plantation to satisfy the plaintiffs' claims, in preference to all other claims against the

bank; third, that, in the event the sale should not be annulled for fraud, then that it be annulled because it was made in contravention of the Constitution and laws of this state, and, in that event, that the order discharging the Louisiana receivers be rescinded and that they be reinstated in office, or that they or others be newly appointed as receivers, to administer the property, and that the plaintiffs be paid their claims in that receivership, in preference to any and all other creditors of the bank.

The alternative demand for the reappointment of the receivers who were appointed and discharged by the district court of Concordia parish, or for a new appointment of receivers by that court, need not be considered, unless we find that the plaintiffs' petition discloses a cause of action to annul the sale, and that the district court of Concordia parish had jurisdiction of the suit.

[1] The fact that the receivers in Mississippi have not answered the appeal, praying for a reversal of the judgment on the defendants' plea to the jurisdiction, is of no importance; nor is it a matter of any consequence that one of the receivers was cited personally, while in Concordia parish, La., because we consider the plea to the jurisdiction only ratione materiæ. This is not a suit against the bank itself; it is a suit against the receivers as officers of the chancery court of Mississippi, appointed to defend the interest of every creditor and stockholder of the insolvent bank. And the creditors and stockholders of the insolvent bank, not the receivers themselves, are interested in the defense of the suit. If the district court of Concordia parish, La., has not jurisdiction to entertain a suit to set aside the orders and decrees rendered by the chancery court of Mississippi, in a receivership proceeding of which that court had jurisdiction, the receivers cannot, by their waiver or consent, confer jurisdiction upon the Louisiana court.

[2, 3] The plaintiffs rest their right to maintain this suit in the Louisiana court upon the doctrine that titles to real estate are subject exclusively to the laws of the state in which the land is situated, and are not to be interfered with by any other sovereignty; that all questions concerning the title and disposition of real estate must be determined by the lex loci rei sitæ, which alone prescribes the mode of transfer of title from one person to another. The defendants rely upon the full faith and credit clauses of the federal Constitution, in support of their contention that the orders and decrees of the Mississippi court, authorizing and confirming the sale made by the receivers appointed by that court, are immune against an action of nullity in a court of any other state.

Section 1 of article 4 of the federal Constitution means that full faith and credit shall be given in each state to the judicial proceedings of every other state in which the court that rendered the proceedings had jurisdiction. A state court cannot, by invoking the full faith and credit clause of the federal Constitution, go beyond its territorial jurisdiction, and control or regulate the mode of transfer of titles to real estate in another state, contrary to the lex loci rei sitæ. The question to be determined, therefore, is whether the chancery court of Mississippi had jurisdiction to order the receivers appointed by that court to transfer the title to the real estate situated in Louisiana. And the answer is that, having jurisdiction over the receivers and over all property under their administration as officers of the court, the court had jurisdiction to order them to sell and dispose of the property, wherever it was. The question whether the transfer was made in violation of the lex loci rei sitæ does not pertain to, or determine, the question of jurisdiction of the court—no more than if the sale had been ordered and confirmed by a Louisiana court. For the

courts of another state can, as well as the courts of this state, proceed in accordance with, or in violation of, the laws of this state, with regard to the mode by which titles to real estate situated in this state are transferred from one person to another.

In Muller v. Dows, 94 U. S. 444, 24 L. Ed. 209, it was said:

"It is here undoubtedly a recognized doctrine that a court of equity, sitting in a state and having jurisdiction of the person, may decree a conveyance by him of land in another state, and may enforce the decree by process against the defendant. True, it cannot send its process into that other state, nor can it deliver possession of land in another jurisdiction, but it can command and enforce a transfer of the title. And there seems to be no reason why it cannot, in a proper case, effect the transfer by the agency of the trustees when they are complainants."

In Phelps v. McDonald, 99 U. S. 298, 25 L. Ed. 473, it was said:

"Where the necessary parties are before a court of equity, it is immaterial that the res of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal. It has the power to compel the defendant to do all things necessary, according to the lex loci rei sitæ, which he could do voluntarily, to give full effect to the decree against him."

[4, 5] The plaintiffs in this case do not claim title to the land, or a proprietary interest in it; nor do they claim to have a lien on the property. Their only interest in demanding that the sale be annulled is in the proceeds to be realized from another sale of the property. And their only complaint, that the sale was made in violation of a law of this state, is that it was not preceded by a publication and an offering at public auction. Assuming, as we do, for the purpose of this discussion, that the provisions of article 2617 of the Civil Code requiring that all judicial sales shall be made at public auction apply to sales made by receivers of insolvent corporations, those provisions are, manifestly, not regulations of the method of transfer of titles to real estate; they are regulations of the method of administration and disposition of property held in trust by fiduciary officers. The purpose of the law is that the price received shall be greater, not that the title given shall be better. And that purpose or object concerns the court having the property under administration, not the court of the place where the property is situated. If an error in that respect has been committed by the chancery court, it has affected only the proceeds of the sale, not the title to the property, as far as these plaintiffs are concerned.

The district court of Concordia parish, La., did not have jurisdiction to annul the order of the chancery court of Mississippi ordering the receivers to make the sale, or the decree of that court confirming the sale, merely because the land sold was situated in Concordia parish, and, because, if the district court of that parish had had it under administration, the receivers would have been required to make the sale by public auction, after the publication required by the laws of this state. Whatever our judgment might be if the plaintiffs here had a proprietary interest in the property, or were asserting a lien upon it, our conclusion is that the nature of this suit is such that the chancery court in Adams county, Miss., having jurisdiction of the receivership proceedings in which all parties having an interest are before the court, and not the district court of Concordia parish, La., in whose jurisdiction the property is situated, has jurisdiction of the case.

The judgment dismissing the plaintiffs' suit is affirmed, for want of jurisdiction in the district court.

PROVOSTY, J., absent on account of illness, takes no part.