DAVENPORT & MORRIS v. J. W. GANNON and WACHOVIA LOAN and TRUST CO., trustees of H. H. Reynolds.

(Decided December 20, 1898).

*Election—Statutes of Other States—Facts to be Proved.*

1. Where a debtor, in this State, makes an assignment to trustees, including therein lands in Virginia; and a creditor, secured in the 4th class, after the date of the trust, but before it is recorded in Virginia, has a judgment confessed to him there, has it docketed, and is proceeding to enforce it against the land, he cannot be required by the trustees, under the doctrine of election, to surrender his judgment lien on the land, or else forego all claim to preference under the assignment.

2. Every Court must have jurisdiction of the *subject* before it can adjudge anything, and this Court has no jurisdiction over land in Virginia —neither is it presumed to know the existence and bearing of statutory regulations there, in the absence of proof.

3. The duty of the trustee is to perform the trust they have undertaken, in the way directed in the deed.

This was a controversy without action submitted under Section 567 of *The Code*, upon the facts agreed at February Term, 1898, of the Superior Court of FORSYTH County, before *Coble, J.*

His Honor adjudged that the plaintiffs are entitled to prove their entire claim as set forth in the deed of assignment of H. H. Reynolds against the assets in the hands of the assignees for distribution among the creditors of the 4th class.

And that in case of recovery by the plaintiffs out of the lands situate in Patrick County, State of Virginia, a sum more than sufficient to pay the remainder of the debt and costs, that the plaintiffs account with and to the defendants, assignees, for such excess. That plaintiffs recover the costs.

Defendants except, and appeal.

The facts agreed are stated in the opinion.

*Messrs. Glenn & Manly* and *Jones & Patterson*, for defendants (appellants).
*Messrs. Watson, Buxton & Watson*, for plaintiffs.

FAIRCLOTH, C. J.:   Controversy without action upon the following agreed facts: On May 26th, 1893, H. H. Reynolds made an assignment in North Carolina to J. W. Gannon in trust for his creditors, conveying all his real and personal property, including all his land in Patrick County, Virginia.   By consent, another was admitted as co-trustee with Gannon.   The trust deed provided for certain creditors in the fourth class, of which the plaintiffs were preferred for $1500.   The deed of assignment was recorded in the Clerk's office of Patrick County, Virginia, on June 16th, 1893.   The plaintiffs on May 29, 1893, recovered a judgment by confession in Virginia against Reynolds for their debt (the same debt referred to in the assignment) and had their judgment docketed in Patrick County, Virginia, on May 30, 1893, which it is stated became a lien on his land in Virginia.   At that time, the plaintiffs knew that Reynolds had made an assignment, but did not think that it conveyed the Virginia lands.   The plaintiffs have a suit pending in the Court of Chancery in Virginia to sell said lands.   They have not received any thing on their judgment, but expect to receive $700 or $800 from that source when a final sale is made.   The defendants have in hand funds enough to pay about 50 per cent. on the claims of the fourth class creditors. The plaintiffs, as fourth class creditors, claim the right to file their whole claim and receive from the trustees their proportion of the fund now in hand and satisfy the balance out of the sale of the Virginia lands if they

can, and pay any balance of the said land proceeds to the said trustees. The defendants refuse to pay the plaintiffs any part of the fund now in their hands. The fourth class creditors are not parties to this controversy, the trustees being the only defendants.

The defendants' contention is that the plaintiffs, having taken judgment and levied on the Virginia lands, have not the right now to receive any part of the fund in hand, held for the fourth class creditors.

It is a general rule in law and in equity that a person cannot reject and accept the same instrument—he can not claim under and against it, and the rule applies to every instrument whether a deed or a will, the doctrine of election does not apply to the agreed state of facts in this case, and the first call of the law is that it shall fit the facts. This is not however the point of difficulty in the case.

We are without jurisdiction over the Virginia lands, because they lie beyond the territorial line of our jurisdiction. Every court must have jurisdiction of the *subject*, at least, before it can adjudge anything.

But it is argued that we can withhold from the plaintiffs any benefit out of the fund now in the hands of the defendants, upon the agreed fact that the plaintiffs have acquired a lien on the Virginia lands. But to do that we must assume to know the *status* of the lands— the nature and effect of the lien, which is a question of law, and the disposition of the proceeds of the sale that will be made by the courts of that State having jurisdiction thereof, in other words, the statute law of Virginia. As to these matters we are not informed. We do presume that the common law prevails in Virginia in the absence of proof to the contrary, but, according to that law, the lands of a debtor were not liable to the satis-

DAVENPORT *v.* GANNON.

faction of a judgment against him, and no lien was acquired thereon by a judgment. A judgment creditor has no *jus in re*, but only the power to make his judgment effectual by following up the steps of law, by an execution and levy on the lands. The alleged lien in this case was not obtained in this way, but by a docketed judgment, and that is a statutory regulation in each State, and what that regulation is in Virginia, we are not informed. The law of another State must be proved like any other matter of fact.

When the defendants accepted the trust created by the assignment, they agreed to administer the proceeds of the property according to the provisions and in the manner directed by the deed, and we do not see any reason why they should not perform their contract. Whilst we cannot and do not undertake to make any order affecting the rights of the fourth class creditors in the Virginia lands, we do not see any reason why they may not litigate with each other, in respect thereto, in any court having authority to act, if they are so disposed.

The only exception is to the judgment entered by his Honor and we see no error therein, and it is affirmed.

No error.

DOUGLAS, J., dissenting : I cannot concur either in the opinion or the judgment of the Court. It finds no support in the case of *Winston* v. *Biggs*, 117 N. C., 206, for the decision in that case is expressly and repeatedly put upon the ground that the mortgage to Winston was *prior* to the deed of assignment to Biggs. Therefore Winston could not be required to elect between his prior lien and his *pro rata* share, because the two were not inconsistent. It is only between inconsist-

DAVENPORT *v.* GANNON.

ent benefits that the doctrine of election can be made to apply. As Winston's mortgage was prior to the assignment, all that the latter deed could convey was the equity of redemption in the property covered by the mortgage. As the assignor is presumed to have known this, it may also be presumed that he intended to give to Winston by the deed of assignment an additional security to his mortgage. Winston by insisting upon his prior security did not abstract anything from the assignment. The property covered by his lien had already been specifically appropriated by the debtor to the payment of his debt ; and the subsequent assignee, taking in subordination thereto, had no right to complain at its enforcement.

The case at bar is diametrically the opposite. The assignor Reynolds cannot by any possibility be presumed to have intended a duplicate security to the plaintiffs. His expressed intention is to the contrary. In his assignment, he expressly conveyed all his land in Virginia to his trustee for the purposes of the assignment. At that time, the plaintiffs had no lien upon the Virginia land, and their subsequent levy was in derogation of the assignment by diverting a large and valuable part of the assets therein conveyed.

After defeating the assignment to the utmost extent of their ability, they now claim their full *pro rata* share of that repudiated conveyance. I do not think this can be done, certainly not if equity is equality, or if clean hands mean anything but full hands. I think they should be put to their election, and required either to surrender to the trustee the property which they have taken from him, or keep that property and relinquish all claim under the assignment. In the words of my old Scottish ancestors, I do not think they should be

DAVENPORT *v.* GANNON.

permitted to "Approbate and reprobate", the same deed; or in the homely Anglo-Saxon of a great English Judge, to "blow hot and cold with the same breath."

In *Sigmon* v. *Hawn*, 87 N. C., 450, 453, this court, in speaking of the doctrine of election, says: "The foundation of the rule is that no one can be permitted to accept and reject the same instrument."

This rule, originally invoked chiefly in relation to wills, has become practically of universal application to all written instruments in any way operating as conveyances. In fact, the rule appears to me to rest on greater justice than where the grantor deeds away his own property than where the devisor disposes of property that is not his own. There are many cases in our Reports, in my opinion sustaining the views I have herein expressed; and, as far as I can find, none to the contrary. It seems so clearly enunciated by Pearson, C. J., in *Rankin* v. *Jones*, 55 N. C., 169, 172, that I can find no better conclusion than the following quotation: "These two prayers are clearly inconsistent; by the one, the plaintiffs seek to set up an equity *adverse* and *against* the deed of trust, on the ground that W. F. Jones has no right to make it because of their prior equity or *quasi lien;* by the other they seek to set up an equity *under* the deed of trust. *This cannot be allowed.*"