### GEORGE W. HOLLOWAY v. THE CITY OF DURHAM.

(Filed 4 December, 1918.)

**1. Judgments—Estoppel.**

To estop by adversary judgment *in personam,* it is required that the court have jurisdiction of the class of cases to which it belongs, and of the parties thereto, and subject-matter thereof, the question of the subject-matter to be determined by the controversy between the parties as set forth in the pleadings; and in proper instances the judgment will conclude the parties as to all matter directly in issue, and also as to such as

are within the scope of the pleadings which were material and relevant. or were in fact investigated and determined at the hearing.

## 2. Same—Pleadings—Extraneous Matters—Invalidity.

A judgment of the court upon matters beyond the scope of the pleadings, and which undertakes to settle and determine those entirely foreign to the controversy, is, to that extent, not binding, and may be treated as a nullity, even in a collateral proceeding.

## 3. Judgments—Estoppel—Consent—Pleadings—Extraneous Matters.

While a judgment entered by the consent of the parties, with the sanction and approval of the court, may be considered as somewhat in the nature of a contract, and, in proper instances, may be entered and given effect as to any matters properly included therein, of which the court has general jurisdiction, without regard to the pleadings, this cannot apply, under the doctrine of estoppel by judgment, to extraneous matters not embraced in the pleadings or in the consent judgment entered thereon.

## 4. Same—Municipal Corporations—Sewage—Nuisance.

Entering a consent judgment against a city for damages, past, present, and prospective, caused to the plaintiff's land by dumping raw sewage into a stream, for and on account of all causes of action set forth and sued upon "in the complaint, and in full for all damages to the plaintiff, his heirs and assigns, or to their property, by the building, etc., of the defendant's plant," etc., "the same being on a tract of land—distant from plaintiff's land about 150 yards," does not include within items terms damages to the plaintiff's other land afterwards acquired, and as to damages to this land the judgment will not operate as an estoppel, the words, "buildings, etc., of the defendant's plant," referring to its structure and maintenance, when properly conducted, and not to its "negligent operation," which creates a nuisance, to the plaintiff's injury.

ACTION, tried before *Bond, J.,* and a jury, at March Civil Term, 1918, of DURHAM.

Plaintiff, owning a tract of land on Ellerbee Creek, in said county, in 1917, sued for damages thereto done by defendant in wrongfully dumping raw sewage into said creek, creating a nuisance and causing substantial injury to same, and also in the negligent operating of its septic tank and disposal plant used in connection with the sewage system of the city. There was denial of liability by defendant, and also plea of estoppel by judgment, preventing any and all further recovery by plaintiff by reason of the matter and things set forth in the complaint.

On the call of the present cause for trial it appeared that heretofore, in 1905, plaintiff had sued for similar damages to a tract of land in said county abutting on said creek, the same being the tract on which plaintiff then resided with his family, etc. On denial of liability at January Term, 1917, that cause was compromised and consent judgment entered therein in terms as follows:

"This cause coming on to be heard before his Honor, M. H. Justice, judge presiding, and a jury trial being waived:

"It is now, by consent, ordered and adjudged that the plaintiff recover of the defendant the sum of $400 and the costs of this action to be taxed by the clerk of this court.

"It is further ordered and adjudged that this judgment is in full compensation and payments of all damages sustained by plaintiff, his heirs and assigns, past, present and prospective, for and on account of all the causes of action set forth and sued upon in plaintiff's complaint filed in this action, and also in full of all damages done or that may be done to plaintiff, his heirs and assigns, or to their property by the building, erection and maintenance of the bacterial plant by defendant, the same being on a tract of land purchased by the city of Durham from F. C. Geer and distant from plaintiff's land about 150 yards." Which said judgment had been paid.

It was further admitted on both sides that when the former judgment was rendered plaintiff in this action did not own the tract of land "he is now suing about," but bought same after said judgment was rendered. It also appeared that there was no allegation in the complaint that the disposal plant had been changed in any way so as to make the same different from what it was when the former judgment was rendered. Plaintiff offered to introduce evidence tending to sustain his cause of action, but on an intimation of the court that he would hold said judgment to be an estoppel in bar of any recovery, plaintiff submitted to a nonsuit and appealed.

*Brawley & Gantt for plaintiff.*
*J. L. Morehead for defendant.*

HOKE, J. In order to an effective estoppel of record by an adversary judgment *in personam,* it is required that the court which rendered it should have "cognizance of the class of cases to which it belongs and should have acquired jurisdiction of the parties and of the subject-matter, and this question of jurisdiction of the subject-matter is determined by the controversy between the parties as presented and disclosed in their pleadings." This position, so stated by *Chief Justice Beasely* in *Munday v. Vail,* 34 N. J. L., 418, affirmed in *Dodd v. Una,* 40 N. J. Eq., 672, was approved and applied here in *Hobgood v. Hobgood,* 169 N. C., 485-91, and, recognizing this as the true test, it is held in numerous and well-considered cases here and elsewhere that such a judgment will conclude the parties as to all matters directly in issue and as to all matters within the "scope of the pleadings which were material and relevant and were in fact investigated and determined at the hearing.

*Propst v. Caldwell,* 172 N. C., 594; *Cropsy v. Markham,* 171 N. C., 44; *Coltraine v. Laughlin,* 157 N. C., 282; *Gillam v. Edmonson,* 154 N. C., 127; *Tyler v. Capehardt,* 125 N. C., 64; *Jordan v. Farthing,* 117 N. C., 188; *Fayerweather v. Ritch,* 195 U. S., 277; *Aurora City v. West,* 74 N. C., 103. When, however, a court going beyond the scope of the pleadings, undertakes to settle and determine matters entirely foreign to the controversy between the parties as they have presented it, the judgment, or that portion of it, does not bind and may be treated as a nullity."

As held in *Munday v. Vail, supra,* "a decree which is entirely aside of the issue raised in the record is invalid and will be treated as a nullity even in a collateral proceeding." And in illustration of the same principle it was held here, in *Gillam v. Edmonson, supra,* "That an estoppel of record will bind parties and privies as to matters in issue between them, but it does not conclude as to matters not involved in the issues, nor when they claim in a different right." If this were adversary judgment, therefore, its effect as an estoppel between the parties would be necessarily restricted to the controversy about the land or the injuries to it that the plaintiff then owned and lived on and which he made the subject-matter of his complaint, and could in no sense be extended to the present tract which he has acquired since the former judgment was rendered.

The defendant does not question the soundness of this position as applied to a judgment *in invitum,* but insists that this being a judgment by consent the parties are not confined to the matters in controversy presented in their pleadings, and that the present judgment was intended to be and is an adjustment concluding the parties as to any and all damages that plaintiff, his heirs and assigns, might at any time suffer from the erection and maintenance of defendant's plant. The decisions of this State have gone very far in approval of the principle that a judgment by consent is but a contract between the parties put upon the record with the sanction and approval of the Court and would seem to uphold the position that such a judgment may be entered and given effect as to any matters of which the court has general jurisdiction, and this with or without regard to the pleadings. *Bank v. McEwen,* 160 N. C., 414; *Brown v. Braswell,* 139 N. C., 139; *Bank v. Comrs.,* 119 N. C., 214; *Vaughn v. Gooch,* 92 N. C., 524. Such a ruling has the support of well-considered authority elsewhere. *Fletcher v. Holmes,* 25 Ind., 458; *Seiler v. Mfg. Co.,* 50 W. Va., 208, 218; Beach Modern Equity Practice, sec. 794; 2 Black on Judgments, sec. 705; 23 Cyc., 728.

Where, however, as in the case presented, the parties have defined and stated their rights and grievances by pleadings duly filed, a judgment in adjustment of the controversy should primarily and naturally be re-

ferred to the issues as presented in the pleadings and before a judgment, additional or foreign to the subject-matter, can be upheld as a judgment by consent, it should very plainly appear that the parties intended such an effect, and it should never be enlarged beyond the clear import of the terms they have used. Under this, undoubtedly the correct rule of interpretation, even if the consent judgment relied upon should be construed as extending to property other than that of the subject-matter of complaint, it should at least be confined to such property as was then owned by plaintiff; and, furthermore, as to any additional land, the protection secured against claims for any and all damages incident to the "building, erection and maintenance of the plant" refers to the structure and maintenance of such a plant, and not to "its negligent operation," creating thereby a nuisance to the injury of the plaintiff's property, as alleged in the present complaint.

There is error in the ruling of the court, and this will be certified that the matters in controversy may be submitted to the jury on appropriate issues.

Error.