MARY E. HORNER ET AL., HEIRS AT LAW OF SOPHRONIA MOORE HOR-
NER, v. THE SOUTHERN RAILWAY COMPANY AND THE OXFORD
AND HENDERSON RAILROAD COMPANY.

(Filed 1 November, 1922.)

1. **Judgments by Consent—Contract—Consideration—Pleadings.**

A consent judgment may be made effective and. extended to any matters
that may be agreed upon by the parties that are within the general juris-
diction of the court, and the position is untenable that, as in case of an
adversary judgment, it is restricted to the matters presented in the
pleadings. .

2. **Railroads — Carriers — Right of Way — Consent Judgment — Depot
Terminals—Heirs at Law—Reverter.**

In plaintiff's action to recover from a railroad company upon a consent
judgment entered in a suit brought by their ancestor to compel the
running of trains over the lands of her predecessor in title, to an old
depot, the terminal lands having been acquired by the defendant by *mesne*
conveyances in fee, a judgment was entered by the court upon the consent
of the parties, that purported, in express terms, to apply to and include
both the lands used for a right of way exclusively, and for the location
of a station: *Held*, the term "right of way," applied to railroad com-
panies, may include the depot site and grounds ordinarily used in the
operation of a railroad; and the judgment in question evinced the intent
of the parties that the depot site and grounds should revert upon the final
cessation of its use for railroad purposes; and the plaintiffs in the present
action, as heirs at law of the plaintiff in the former one, are entitled to
recover it. This position is fortified by the fact that the *locus in quo* was
the only land acquired by the defendant by *mesne* conveyances from the
predecessor in title of the plaintiffs' ancestor.

CLARK, C. J., did not sit.

APPEAL by plaintiffs from *Kerr, J.,* at the April Term, 1922, of
GRANVILLE.

Civil action, tried by consent of the parties before the judge. The
action is principally to determine the ownership of two acres of land
formerly used by defendant roads for its terminal station, in the town .
of Oxford, N. C., and on the hearing it was properly made to appear
that on 13 September, 1879, James H. Horner, now deceased, conveyed
to the Oxford and Henderson Railroad a right of way eighty feet in
width through all the lands of said grantor situate in Granville County,
and extending from one-half mile beyond present junction to the point
on the map now known and designated as Williamston Street. That
later, on 31 October, 1879, said James H. Horner conveyed to W. F.
Beasley ten acres of his land in said county abutting on Williamston
Street, and said Beasley, acting in promotion of the railroad enterprise,
conveyed two acres of said ten acres to the Oxford and Henderson Rail-

road for a terminal station, which said two acres included part of the eighty feet right of way extending from the Tanyard Branch to Williamston Street. That subsequently the property rights and franchises of the Oxford and Henderson Railroad were acquired and used by the Southern Railway, and after using said right of way for some time, the Southern Railway evinced a purpose to abandon the said terminal station and right of way acquired from James H. Horner and W. F. Beasley, from Williamston Street through the lands of said Horner to the present junction point, now used for terminal station in said town. Thereupon, Mrs. Sophronia Horner, sole devisee of James H. Horner, and ancestor in title of present plaintiffs, in 1896 instituted a civil action in the Superior Court of Granville County against the Southern Railway and the Oxford and Henderson Railroad to compel the exercise of its railroad franchise along and upon the right of way and station obtained through deeds of J. H. Horner or forfeit all right and title thereto to the plaintiff, Sophronia Horner. This cause was settled by a consent judgment in terms as follows:

"This cause coming on upon complaint and answer, and the matters in controversy having been adjusted between the parties by consent of all the parties hereto. It is ordered and decreed that the defendant, the Southern Railway Company, pay to the plaintiff herein the sum of $150 in full satisfaction of all the claims set up in the complaint, and of all other arising out of the occupation of any part of the land of the plaintiff as right of way and of any and all change of route by defendant of any railroad operated by it in or near Oxford, N. C. It is further ordered that upon the removal by the defendants, or either of them, of the railroad track from any part of the right of way conveyed to or obtained by either defendant from the late James H. Horner and wife as right of way for the location of a station or upon the final cessation to use the same, the title to so much of said right of way as the track shall be removed from, or the use of which shall have been finally abandoned shall revert to the plaintiff herein, the defendant having the right to use the right of way for railroad purposes only (this decree in no wise to affect any right of way between Oxford and Henderson, but only to affect the spur track which now runs to the old depot). This decree shall also be operative in respect to any part of this right of way which was conveyed to the Oxford and Henderson Railroad Company by *mesne* conveyances from the late James H. Horner and wife. Defendant to pay costs. No witness fees for plaintiff; $12.54 costs.

"HENRY R. BRYAN,<br>
*"Judge Superior Court, Presiding."*

Under and by virtue of this judgment, it is contended by plaintiffs that they own the said abandoned right of way from the junction to Williamston Street, and including the two acres formerly used for a terminal station, and for defendant it is insisted that the two acres used for the station did not pass to plaintiffs. On the facts in evidence, and admissions of the parties, there was judgment for defendant as to the old depot site, and plaintiff excepted and appealed.

*A. W. Graham & Son and Robert C. Strong for plaintiffs.*
*Hicks & Stem for defendant.*

HOKE, J. In *Holloway v. Durham,* 176 N. C., 551, it is said that in case of an adversary judgment the jurisdiction of the court is restricted to the matters presented in the pleadings, but that a consent judgment under our decisions may be made effective and extended to any matters that may be agreed upon by the parties, and which are within the general jurisdiction of the court.

In reference to the latter position, the Court further said: "The decisions of this State have gone very far in approval of the principle that a judgment by consent is but a contract between the parties put upon the record with the sanction and approval of the court, and would seem to uphold the position that such a judgment may be entered and given effect as to any matters of which the court has general jurisdiction, and this with or without regard to the pleadings," citing *Bank v. McEwen,* 160 N. C., 414; *Bunn v. Braswell,* 139 N. C., 139, and other cases.

Recurring, then, to the terms of this consent judgment on which the rights of these parties must depend, it is clear, we think, that the parties intended to pass to Sophronia Horner, ancestor in title of plaintiffs, the entire right of way obtained from J. H. Horner, her husband, whenever the same was abandoned by the companies, and extending from the junction to Williamsboro Street, and including the two acres formerly used for a terminal station. The term "right of way," when applied to a railroad company, may, in proper instances, very well be extended to include the depot site ordinarily used in the operation of the road. 22 R. C. L., p. 847; 33 Cyc., p. 643.

And in this instance the judgment purports, in express terms, to apply to and include both the land used for a right of way and for the location of the station. And to put the matter beyond all question, the judgment closes with the provision that the same shall be operative also in respect to any part of the right of way which was conveyed to the Oxford and Henderson Railroad Company by *"mesne* conveyances from the late James H. Horner and wife."

The only *mesne* conveyance is that through the deed from W. F. Beasley for this two acres for a terminal station, and the judgment, therefore, in our opinion, contemplates and provides that as this part of the road shall be abandoned it shall revert to the Horner heirs, both the right of way which came to the road directly from James H. Horner and indirectly through the *mesne* conveyance to W. F. Beasley. There is error, and this will be certified that judgment be entered for plaintiff.

Error.

CLARK, C. J., did not sit.