ANNA B. BENDER v. AMERICAN TELEPHONE AND TELEGRAPH COMPANY OF NORTH CAROLINA.

(Filed 23 September, 1931.)

Easements B b—Purchaser takes land subject to prior registered grant of right-of-way thereover.

A registered grant of a right-of-way to a telephone company for its transmission lines for a sufficient consideration passes the title as against a later registered conveyance of the land to another, and, the allegations of the one acquiring the land under the later registered conveyance not being sufficient to establish fraud, his action against the telephone company is properly dismissed.

APPEAL by plaintiff from *Cranmer, J.,* at May Term, 1931, of WARREN. Affirmed.

The judgment of the court below is as follows: "This cause coming on to be heard at the May Term of Warren County Superior Court, and a jury having been empanelled, and it appearing to the court that a grant for a right-of-way, or an easement, over the lands described in the complaint from J. H. Bender, the then owner of the land, having been registered in the office of the register-of deeds of Warren County on 8 August, 1927, and thereafter, to wit, on 10 August, 1927, a deed from the said J. H. Bender to Mrs. Anna B. Bender, the instant plaintiff, his wife, was registered in the office of the register of deeds of Warren County. The court being of the opinion that in the situation the plaintiff cannot recover. It is ordered, adjudged and decreed that the action be, and the same is hereby dismissed, and that the plaintiff be taxed with the costs."

The plaintiff excepted and assigned errors for "That the complaint stated a good cause of action against defendant both in respect of the fraud and the trespass alleged therein, and that there was no admission or finding of fact which warranted the judgment."

*Pittman, Bridgers & Hicks for plaintiff.*
*Julius Banzet for defendant.*

PER CURIAM. The court held: "It appearing to the court that a grant for a right of way, or an easement, over the lands described in the complaint from J. H. Bender, the then owner of the land, having been registered in the office of the register of deeds of Warren County on 8 August, 1927, and thereafter, to wit, on 10 August, 1927, a deed from the said J. H. Bender to Mrs. Anna B. Bender, the instant plaintiff, his wife, was registered in the office of the register of deeds of Warren County. The court being of the opinion that in the situation the plaintiff cannot recover," adjudged that the action be dismissed.

We think the judgment of the court below correct.

In *Bank v. Smith,* 186 N. C., at p. 641, it is said: "Where the registration of an instrument is required, no notice to purchaser, however full and formal, will supply the place of registration. 'No deed of trust or mortgage for real and personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor or mortgagor, but from the registration of such deed of trust or mortgage in the county where the land lies,' etc. C. S., 3311. See *Door Co. v. Joyner,* 182 N. C., 521; *Fertilizer Co. v. Lane,* 173 N. C., 184; *Tremaine v. Williams,* 144 N. C., 116 and cases

cited." *Eaton v. Doub,* 190 N. C., at p. 19; *Lanier v. Lumber Co.,* 177 N. C., 200; *Threlkeld v. Land Co.,* 198 N. C., 186. C. S., 3309.

The allegations of fact, made by plaintiff are not sufficient to constitute fraud. The description in the conveyance of the right-of-way, an easement in land, is sufficiently definite and certain.

In law there was no inadequacy of consideration. *Bank v. Mackorell,* 195 N. C., 741. The judgment below is

Affirmed.