Civil action to reduce judgment of another state to judgment in this state and to vacate a deed on the grounds of fraud and want of consideration.
On 6 September 1945, defendant Horace E. McRary, then being a resident of Ohio, instituted an action in Summit County, Ohio, against his wife, plaintiff herein, for divorce. Mrs. McRary was duly served with process, appeared and filed answer in which she set up and pleaded a cross action for divorce on the grounds therein stated.
When the cause came on for hearing 31 August 1946, Horace E. McRary withdrew his petition and the cause was heard on the cross complaint. The judge heard the evidence, found the facts, and decreed "that the marriage contract . . . is hereby dissolved and both parties are released from the obligations of same." Custody of the four children born of the marriage was awarded to Mrs. McRary.
The court proceeded to award the wife alimony. In so doing it found "that the parties are the owners in common" of a certain 14.5 acre tract of land in Caldwell County, N.C. which is the res in controversy here. It ordered and adjudged that Mrs. McRary "have and possess as and for alimony, said entire premises, divested of all and every claim, title, and interest, by curtesy or otherwise, of her said husband" subject to an outstanding mortgage or deed of trust. Defendant herein was ordered to convey his interest in said premises to plaintiff in compliance with said judgment "within five days from the entry hereof" upon failure of which "this decree shall operate as said conveyance." *Page 716 
At the foot of the judgment and below the signature of the judge the following appears:
"O.K. Fred T. Childs for Pltf.
"O.K. Hadley Weaver, for Def."
Defendant McRary remarried and on 21 April 1947, he and his wife, for a purported consideration of $2,000, conveyed a one-half undivided interest in and to said tract, by warranty deed, to his sister, Verna McRary Vines, and her husband, T. J. Vines, defendants herein.
Thereafter, on 19 May 1947, plaintiff instituted this action to reduce the Ohio judgment to judgment in Caldwell County, the situs of the property, and to have the deed from McRary and wife to Vines and wife vacated and annulled.
At the hearing plaintiff offered in evidence an amplified copy of the Ohio judgment. She also offered evidence tending to show that Vines and his wife had actual knowledge of the contents of the Ohio judgment and that the deed from McRary and wife to Vines and wife was without consideration.
At the conclusion of the evidence for plaintiff, the court, on motion of defendants, entered judgment dismissing the action as in case of nonsuit. Plaintiff excepted and appealed.
G.S. 47-18 protects only creditors and purchase for value. Plaintiff offered evidence tending to show that in fact there was no consideration paid for the deed from McRary and wife to Vines and wife. Hence, if she otherwise has a good cause of action, she is entitled to a jury trial on this issue.
Did the court below, by entering a judgment of nonsuit, fail to accord full faith and credit to a judgment of a court of a sister state in violation of the provisions of Art. IV, sec. 1, of the United States Constitution? The answer is no.
The full faith and credit clause has never been applied without limitation. It has no application when the court rendering the judgment did not have jurisdiction of the subject matter. Instead, it is uniformly held that a foreign judgment rendered without jurisdiction is a nullity and may be collaterally attacked or ignored without proof or suggestion of merit.Picket v. Johns, 16 N.C. 123; Bonnett-Brown Corp. v. Coble, 195 N.C. 491,142 S.E. 772; Hat Co., Inc., v. Chizik, 223 N.C. 371, *Page 717 26 S.E.2d 871; Cline v. Niblo, 66 A.L.R., 916, Anno. p. 926; Stewartv. Eaton, 120 A.L.R., 1354, Anno. p. 1366; Priest v. Board of Trustees,232 U.S. 604, 58 L.Ed., 751; Baker v. Baker, Eccles, Co.,242 U.S. 394, 61 L.Ed., 386; Perkins v. Mining Co.; 132 P.2d 70;Sharp v. Sharp, 166 P. 175, L.R.A., 1917 F, 562.
Jurisdiction is a prerequisite of a valid judgment, 31 A. J., 70;Fitzsimmons v. City of Oklahoma City, 135 P.2d 340, and if jurisdiction does not exist, enforcement thereof in another state is not compelled by the full faith and credit clause of the Constitution. Sharp v. Sharp,supra; Taylor v. Taylor, 218 P. 756, 51 A.L.R., 1074; Perkins v. MiningCo., supra.
The rendition of a judgment without jurisdiction is a usurpation of power and makes the judgment itself coram non judice and ipso facto void. 31 A. J., 68; Vallely v. Northern F. M. Ins. Co., 254 U.S. 348,65 L.Ed., 297; Sharp v. Sharp, supra.
No principle is more fundamental or firmly settled than that the local sovereignty by itself, or its judicial agencies, can alone adjudicate upon and determine the status of land within its borders, including its title and incidents and the mode in which it may be charged or conveyed. Neither the laws of another sovereignty nor the judicial proceedings, decrees, and judgments of its courts can in the least degree affect such lands.Davenport v. Gannon, 123 N.C. 362, 68 Am. St. Rep., 827; Bullock v.Bullock, 30 A. 676 (N. J.); Taylor v. Taylor, supra; Cook v. Brown, 128 A.L.R., 1396 (Mo.); Cline v. Niblo, supra; Anno. 13 A.L.R., 502; Anno. 51 A.L.R., 1081; Anno. 94 Am. St. Rep., 535; Anno. 103 Am. St. Rep., 321.
The interest of a state in controlling all the legal incidents of real property located within its boundaries is deemed so complete and so final to the exercise of sovereign government within its own territory as to exclude any control over them by the statutes or judgments of other states.
However plausibly the contrary view may be sustained, the doctrine that a court, not having jurisdiction of the res, cannot affect it by its decree nor by a deed made by a commissioner in accordance with the decree is firmly established. Fall v. Eastin, 215 U.S. 1, 54 L.Ed., 65, 23 L.R.A., 924, 17 Ann. Cas., 853.
The familiar principle that a court having jurisdiction of the parties may, in a proper case, by a decree in personam, require the execution of a conveyance of real property in another state, or some other act in respect thereto, and to enforce its order through its coercive jurisdiction or authority is not here involved. The plaintiff seeks to establish the Ohio judgment as a muniment of title and to recover the locus on the strength thereof. That raises the question of the validity and efficacy *Page 718 
of the Ohio decree as a judgment affecting the title and right of possession to land in North Carolina.
The Ohio court had jurisdiction to allot alimony to plaintiff herein.Bates v. Bodie, 245 U.S. 520, 62 L.Ed., 444. Even so, the jurisdiction acquired over the parties was purely in personam. Its judgment cannot have any extraterritorial force in rem. Nor did it create a personal obligation upon the defendant McRary which the courts of this state are bound to compel him to perform. At most it imposed a duty, the performance of which may be enforced by the process of the Ohio court.
The courts of the situs of lands cannot be compelled to issue their decrees to enforce the process of courts of another state, or the performance of acts required by the decrees of such courts, ancillary to the relief thereby granted, affecting such lands. Bullock v. Bullock,supra; Taylor v. Taylor, supra; Reams v. Sinclair, 130 N.W. 562, 23 Ann. Cas., 989, Anno. p. 991.
By means of its power over the person of the parties before it, a court may, in proper cases, compel them to act in relation to property not within its jurisdiction, but its decrees do not operate directly upon the property nor affect its title. The court's order is made effectual only through its coercive authority. 31 A. J., 162; Taylor v. Taylor, supra; Anno. 51 A.L.R., 1081; Bullock v. Bullock, supra; Corbett v. Nutt, 77 U.S. 464,19 L.Ed., 976; Carpenter v. Strange, 141 U.S. 87, 35 L.Ed., 640; Dull v.Blackman, 169 U.S. 243, 42 L.Ed., 733; Bailey v. Tully,7 N.W.2d 837, 145 A.L.R., 578, Anno. 145 A.L.R., 583.
A judgment seeking to apportion the rights of the parties to property outside the jurisdiction of the court rendering it may be given extra-state effect for many purposes, but it does not establish any right in the property itself, enforceable in the state of its situs. Fall v. Eastin,supra; Hood v. McGehee, 237 U.S. 611, 59 L.Ed., 1144; Olmstead v.Olmstead, 216 U.S. 386, 54 L.Ed., 530; Clarke v. Clarke, 178 U.S. 186,44 L.Ed., 1028; 31 A. J., 162.
But the plaintiff now insists that the Ohio judgment is a consent judgment and that it should be recognized and enforced as a contract between the parties. We are unable to sustain this contention.
The Ohio judgment is primarily a decree of divorce. If entered by consent, it is in direct contravention of the Ohio statutes, Ohio Code of 1940, Anno. 11979-4, 11986, Wright's Supreme Court Reports, 212, and "diametrically opposed to public policy." Rodriguez v. Rodriguez,224 N.C. 275 (282), 29 S.E.2d 901. The court must hear the evidence and determine the cause. S. v. Cleveland, 161 N.E. 918.
Furthermore, this judgment is not a consent judgment.
In the vernacular of the courtroom "consent judgment" is frequently used to designate a judgment entered by the court on the merits, to which *Page 719 
the parties or their counsel assent in writing by signing their names at the foot of the judgment, but in a legal sense, as here used, such is not a consent judgment.
A judgment by consent is the agreement of the parties, their decree, entered upon the record with the sanction of the court. Cason v. Shute,211 N.C. 195, 189 S.E. 494, and cited cases. It is not a judicial determination of the rights of the parties and does not purport to represent the judgment of the court, but merely records the pre-existing agreement of the parties. 49 C. J. S., 308; Holloway v. Durham,176 N.C. 550, 97 S.E. 486; Morris v. Patterson, 180 N.C. 484, 105 S.E. 25;Belcher v. Cobb, 169 N.C. 689, 86 S.E. 600; Bunn v. Braswell, 139 N.C. 135;Bank v. Commissioners, 119 N.C. 214; Bergman v. Rhodes,165 N.E. 598, 65 A.L.R., 344; Karnes v. Black, 215 S.W. 191; Corby v.Abbott, 73 P. 120. It acquires the status of a judgment, with all its incidents, through the approval of the judge and its recordation in the records of the court.
That a decree is a consent judgment and not a decree on the merits of the case should be made to appear on the face of the judgment or in some other appropriate manner. 49 C. J. S., 313; 31 A. J., 106; 3 Freeman, Judgments, 5th Ed., 2771, sec. 1348.
When a decree is entered by a court upon consideration of the pleadings, evidence and admissions made, as a judicial determination of the rights of the parties, it is essentially a judgment of the court, and the fact the parties have superadded their consent does not convert it into a judgment by consent, however formally such consent or approval may be made, 49 C. J. S., 308; Placer County v. Freeman, 87 P. 628; Fall v. Eastin, supra; Bankof Gauley v. Osenton, 114 S.E. 435.
"O.K." means "correct," "all right," "approved." Keel v. Wynne,210 N.C. 426. When endorsed on the judgment it merely evidences the adoption of the terms and conditions specified. Everett v. Receivers, 121 N.C. 519. See also Bank of Gauley v. Osenton, supra, where this term and the effect of its use on a judgment is fully discussed.
The judgment under consideration here recites that the complaint came on for hearing on the cross-petition and the evidence and "on consideration thereof the court finds" certain facts. There are other recitals evidencing the fact the court considered and decided the controversy on its merits. The superadded "O.K." of counsel, entered at the foot of the judgment, will not be permitted to override or supersede these positive recitals of the judgment itself, so as to convert it into a judgment by consent.
But even if it be conceded that the decree is a judgment by consent, the result is the same.
While a consent judgment and a judgment on the merits are distinguishable in many respects, for enforcement purposes they stand on a *Page 720 
parity. "The fact that a judgment is rendered by consent gives it neither less nor greater force and effect than it would have had it been rendered after protracted litigation, except to the extent that the consent excuses error and operates to end all controversy between the parties." 31 A. J., 107. The validity of each rests upon the jurisdiction of the court. 34 C. J., 130. If the court is without jurisdiction of the subject matter the judgment is void and unenforceable whether entered on the merits or by consent. Morris v. Patterson, supra; Keen v. Parker, 217 N.C. 378,8 S.E.2d 209; Holloway v. Durham, supra; 31 A. J., 106; 34 C. J., 130; Anno. 86 A.L.R., 88; 3 Freeman, Judgments, 5th Ed., 2772, sec. 1349.
If the court is without jurisdiction of the subject matter the parties cannot confer it, Holloway v. Durham, supra; High v. Pearce, 220 N.C. 266,17 S.E.2d 108; Reaves v. Mill Co., 216 N.C. 462,5 S.E.2d 305; Saunderson v. Saunderson, 195 N.C. 169, 141 S.E. 572; Bank v.Commissioners, supra; Anno. 86 A.L.R., 88; "for no agreement or assent of parties will enable the court to render a judgment which the law does not warrant." Trust Co. v. Brewster, 134 N.E. 616; Bank v. Commissioners,supra.
So much of the Ohio judgment as attempts to affect the title to thelocus, upon which plaintiff now relies, was outside the jurisdiction of the court and is a nullity. Stewart v. Eaton, supra. The court below was not required to accord it full faith and credit. Perkins v. Mining Co., supra;Sharp v. Sharp, supra. Its refusal so to do may not be held for error.Treinies v. Sunshine Mining Co., 308 U.S. 66, 84 L.Ed., 85. Hence the judgment entered must be
Affirmed.