ROBERT L. YOUNT AND WILLIAM E. BUTNER, INDIVIDUALLY, AND ROBERT L. YOUNT AND WILLIAM E. BUTNER, T/D/B/A WILKES INDUSTRIAL PARK, A PARTNERSHIP v. ELMER LOWE

No. 58

(Filed 26 June 1975)

1. **Rules of Civil Procedure § 56— summary judgment — burden of proof**

The party moving for summary judgment under Rule 56 has the burden of clearly establishing the lack of any triable issue of fact by the record properly before the court, and his papers are carefully scrutinized while those of the opposing party are on the whole indulgently regarded.

2. **Rules of Civil Procedure § 56— summary judgment — requirements**

G.S. 1A-1, Rule 56, conditions rendition of summary judgment on a showing by the movant (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to judgment as a matter of law.

3. **Deeds § 14; Easements § 9; Registration § 3— easement granted in consent judgment — exemption of easement from deed — judgment and deed recorded**

Where plaintiffs brought an action to enjoin defendant from using a passageway over plaintiffs' property for any purpose other than those purposes specifically set out in G.S. 136-69 and when defendant answered claiming an easement in perpetuity with the unlimited right of egress, ingress, and regress over the lands of the plaintiffs by virtue of a consent judgment entered in a cartway proceeding brought by defendant against Paul Rhodes, plaintiffs' predecessor in title, the trial court properly granted defendant's motion for summary judgment since the consent judgment under which defendant claimed was recorded, the deed from Paul Rhodes, from whom defendant acquired the easement, to J. H. Pearson, plaintiffs' immediate predecessor, specifically exempted the easement granted to defendant, and that deed was recorded, both the consent judgment and the deed were in plaintiffs' chain of title, and plaintiffs took title to the land with notice of the perpetual right and easement owned by defendant.

4. **Easements § 9— purchaser of land — taking subject to prior easements**

The purchaser of lands upon which the owner has imposed an easement of any kind takes the title subject to all easements, however created, of which he has notice.

5. **Easements § 9; Highways and Cartways § 14; Judgments § 8— consent judgment — no limitation to issues in pleadings — cartway proceeding — easement given in consent judgment**

In rendering an adversary judgment, the jurisdiction of the court is restricted to the matters presented in the pleadings, but a consent judgment may extend to any matters agreed upon by the parties which are within the general jurisdiction of the court; therefore, the fact that a consent judgment granting defendant an easement in perpetuity

Yount v. Lowe

with the unlimited right of egress, ingress and regress over the lands of plaintiffs was rendered in a cartway proceeding did not limit the scope or affect the validity of the easement granted.

6. **Judgments § 10— consent judgment — rules for contract interpretation applicable**

Since a consent judgment is a contract, the rules which courts have evolved for the interpretation of contracts are applicable to consent judgments.

7. **Easements § 9— appurtenant easement defined**

An appurtenant easement is an incorporeal right attached to the land and incapable of existence separate and apart from the particular land to which it is annexed.

8. **Easements § 9— appurtenant easement — taking of servient estate**

By a consent judgment entered between defendant and plaintiffs' predecessor in title, the predecessor in title intended to pass and did pass to defendant an easement in perpetuity appurtenant to and running with the dominant estate to which it was annexed, and plaintiffs had notice thereof and took title to the servient estate burdened therewith; therefore, there was no genuine issue as to any material fact remaining, and defendant was entitled to judgment as a matter of law.

APPEAL by plaintiffs from decision of the Court of Appeals, 24 N.C. App. 48, 209 S.E. 2d 867 (1974), affirming judgment of *Collier, J.*, 18 March 1974 Session, WILKES Superior Court.

Plaintiffs commenced this action on 2 January 1974 to enjoin defendant from using a passageway over plaintiffs' property for any purpose other than those purposes specifically set out in G.S. 136-69, the statute prescribing the procedure for obtaining and laying out a cartway.

Defendant answered claiming an easement in perpetuity with the unlimited right of egress, ingress and regress over the lands of the plaintiffs by virtue of a consent judgment entered in a cartway proceeding brought by defendant against Paul Rhodes, plaintiffs' predecessor in title.

The consent judgment relied on by defendant, entered in the Superior Court of Wilkes County in a proceeding entitled *"Elmer Lowe, Petitioner v. Paul Rhodes, Defendant,"* dated 11 November 1970, duly docketed and recorded, reads in pertinent part as follows: .

"1. The petitioner, Elmer Lowe, is hereby granted a cartway across the lands of the defendant and extending from the eastern boundary of the tract of land deeded to the

petitioner by Joe O. Brewer, T. R. Bryan, Sr. and Ralph Davis, Commissioners, said deed being recorded in book 496 page 63 Office of the Wilkes County Registry across the lands of the defendant to the western boundary of secondary road #1001, more commonly known as the Oakwoods or Brushy Mountain Road. By the granting of this cartway, the petitioner and his successors in title forever are given a perpetual right and easement of egress, ingress and regress over and upon the said cartway, as hereinafter described, and the said cartway or easement herein granted is appurtenant to and runs with the petitioner's land as above described. The cartway herein granted is described as follows: Lying and being in Wilkesboro Township, Wilkes County, North Carolina and more particularly described as follows:

> BEGINNING On a Stake in the west margin of the right-of-way of the Oakwood Road, said stake being 15.6 feet; south of a right-of-way marker and running thence S. 54° 30′ E 25 feet to a stake; thence N 67° 30′ W 379 feet to a stake; thence N 63° 30′ W 391 feet to a stake in Elmer Lowe's line at a Poplar thence S. 87° E 48 feet to a stake; thence S 63° 30′ E 345 feet to a stake; thence S 67° 30′ E 362 feet to the beginning, containing 14,760 square feet.

> 2. In full and complete consideration for the granting of the cartway herein given to the petitioner, the defendant shall have and recover of the petitioner the sum of Two Thousand ($2,000.00) Dollars in full and final settlement of all matters in controversy arising out of this action, and in full and final settlement for the conveyance of the cartway herein granted to the petitioner."

Plaintiffs allege that defendant is using the "cartway" granted in the consent judgment for the construction of a private residence on defendant's property and not for any purpose for which a cartway may be obtained under G.S. 136-69. Therefore, plaintiffs assert that the value of their lands across which the "cartway" runs will be substantially and irreparably decreased unless defendant is permanently enjoined from using the roadway for any purpose other than those specified in G.S. 136-69.

After the complaint and answer were filed, defendant moved for summary judgment under Rule 56(b) of the Rules of

Civil Procedure. In support of his motion he submitted the following documents:

1. Consent judgment entered in the proceeding entitled *"Elmer Lowe, Petitioner v. Paul Rhodes, Defendant"* on 11 November 1970, recorded in the Office of the Clerk of Superior Court of Wilkes County and in the office of the Register of Deeds of Wilkes County in Book 512, Page 1648.

2. Certified copy of deed from Paul Rhodes to J. H. Pearson and others, covering the lands on which the easement was claimed, dated 4 April 1972, recorded in Deed Book 517, Page 310, in the office of the Wilkes County Registry. This deed provided that the property conveyed was subject to certain exceptions which included: "Right-of-easement in favor of Elmer Lowe, dated November 11, 1970, and recorded in Book 512, at page 1648, Wilkes County Public Registry, together with any and all other rights-of-way or easements recorded or unrecorded."

3. Certified copy of deed from J. H. Pearson and others to Wilkes Industrial Park, a partnership, dated 27 June 1973, recorded in Book 527, Page 26, in the office of the Wilkes County Registry.

4. Affidavit of Elmer L. Lowe showing the construction of a home on his property at a contract price of over $60,000.00 upon which $55,000.00 had already been paid, the construction of a road, farm pond stocked with fish, the planting of an orchard, and extensive cultivation of land.

Plaintiffs answered the motion for summary judgment and asserted there were issues of fact for determination by the jury. Plaintiffs supported their answer by affidavits which disputed defendant's assertions that he was using his property for one or more of the purposes for which a cartway may be obtained under G.S. 136-69 and prayed that defendant's motion for summary judgment be denied for that, in fact, genuine issues of material facts do exist.

The trial court found facts and concluded as a matter of law that no genuine issue as to any material fact existed and that defendant was entitled to judgment as a matter of law. Summary judgment was accordingly entered, and plaintiffs' action was dismissed. On appeal, the Court of Appeals affirmed

with Morris, J., dissenting. Plaintiffs thereupon appealed to this Court as of right pursuant to G.S. 7A-30(2).

*Butner and Gaither by J. Richardson Rudisill, Jr., Attorneys for plaintiff appellants.*

*E. James Moore; J. Gary Vannoy of the firm Vannoy, Moore & Colvard, Attorneys for defendant appellee.*

HUSKINS, Justice.

The sole question before us is whether the Court of Appeals erred in upholding summary judgment for the defendant.

Principles applicable to summary judgment under Rule 56 are detailed in *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971), and have been applied in numerous cases by this Court, including *Harrison Associates, Inc. v. State Ports Authority,* 280 N.C. 251, 185 S.E. 2d 793 (1972); *Singleton v. Stewart,* 280 N.C. 460, 186 S.E. 2d 400 (1972); *Koontz v. City of Winston-Salem,* 280 N.C. 513, 186 S.E. 2d 897 (1972); *Blades v. City of Raleigh,* 280 N.C. 531, 187 S.E. 2d 35 (1972); *Schoolfield v. Collins,* 281 N.C. 604, 189 S.E. 2d 208 (1972); *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972).

[1, 2] The party moving for summary judgment under Rule 56 has the burden of "clearly establishing the lack of any triable issue of fact by the record properly before the court. His papers are carefully scrutinized; and those of the opposing party are on the whole indulgently regarded." 6 Moore's Federal Practice § 56.15[8], at 2439-40 (1974). The rule itself conditions rendition of summary judgment on a showing by the movant (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c) (1969); *Kessing v. Mortgage Corp., supra.*

Defendant's evidence, oral and documentary, tends to show that his tract of land was completely surrounded by the lands of others at the time he purchased it. On 8 July 1969 he instituted a cartway proceeding under G.S. 136-68 et seq. to establish a cartway across the lands of Paul Rhodes, plaintiffs' predecessor in title. That cartway proceeding was settled by a consent judgment, dated 11 November 1970, containing the following language: "By the granting of this cartway, the petitioner and his successors in title forever are given a perpetual right and easement of egress, ingress and regress over and upon the said

cartway, as hereinafter described, and the said cartway or easement herein granted is appurtenant to and runs with the petitioner's land as above described." Elmer Lowe paid Paul Rhodes $2,000.00 for the "perpetual right and easement."

By deed dated 4 April 1972, duly recorded in the Wilkes County Registry, Paul Rhodes conveyed the lands, burdened with the easement described in the consent judgment, to J. H. Pearson, et al., plaintiffs' immediate predecessors in title. This deed provided, among other things, that the property was conveyed subject to: "Right-of-easement in favor of Elmer Lowe, dated November 11, 1970, and recorded in Book 512 at page 1648, Wilkes County Public Registry, together with any and all other rights-of-way or easements recorded or unrecorded." Then, by deed dated 27 June 1973, J. H. Pearson, et al., conveyed said property to the plaintiffs in this action by a deed which fails to mention the easement in favor of Elmer Lowe.

The supporting affidavit of Elmer Lowe asserts that after obtaining the right-of-way easement over the Paul Rhodes lands, he constructed a road thereon leading from defendant's lands to secondary road #1001, commonly known as the Oakwoods or Brushy Mountain Road. Defendant has used said road for ingress, egress and regress since that time.

[3, 4] Due consideration of the foregoing evidence, supporting documents, and materials presented by defendant in support of his motion impels the conclusion that the granting of summary judgment by the trial court was correct. We hold that defendant has carried the movant's burden of proof. The purchaser of lands upon which the owner has imposed an easement of any kind takes the title subject to all easements, however created, of which he has notice. *Packard v. Smart,* 224 N.C. 480, 31 S.E. 2d 517 (1944) ; *accord, Dulin v. Williams,* 239 N.C. 33, 79 S.E. 2d 213 (1953) ; *Trust Co. v. Braznell,* 227 N.C. 211, 41 S.E. 2d 744 (1947). The consent judgment entered in the action between defendant and Paul Rhodes was recorded in the office of the Register of Deeds of Wilkes County on 12 November 1970. Furthermore, in the deed from Paul Rhodes to J. H. Pearson, et al., the easement theretofore granted across the Rhodes land was specifically exempted, and the grantees took the title subject to the easement. J. H. Pearson, et al., could not convey to plaintiffs more than they owned. Both the consent judgment creating the "right-of-easement in favor of Elmer

Lowe" and the deed from Paul Rhodes to J. H. Pearson, et al., were duly recorded, were in plaintiffs' chain of title, and plaintiffs took title to the land with notice of the perpetual right and easement owned by Elmer Lowe. *Hensley v. Ramsey,* 283 N.C. 714, 199 S.E. 2d 1 (1973) ; *Gas Co. v. Day,* 249 N.C. 482, 106 S.E. 2d 678 (1959) ; *Borders v. Yarbrough,* 237 N.C. 540, 75 S.E. 2d 541 (1953) ; *Bender v. Tel. Co.,* 201 N.C. 355, 160 S.E. 352 (1931).

[5]  In rendering an adversary judgment, the jurisdiction of the court is restricted to the matters presented in the pleadings, but a consent judgment may extend to any matters agreed upon by the parties which are within the general jurisdiction of the court. *Holloway v. Durham,* 176 N.C. 550, 97 S.E. 486 (1918). "The decisions of this State have gone very far in approval of the principle that a judgment by consent is but a contract between the parties put upon the record with the sanction and approval of the Court and would seem to uphold the position that such a judgment may be entered and given effect as to any matters of which the court has general jurisdiction, and this with or without regard to the pleadings." *Holloway v. Durham, supra; accord, Horner v. R. R.,* 184 N.C. 270, 114 S.E. 296 (1922) ; *Bank v. McEwen,* 160 N.C. 414, 76 S.E. 222 (1912) ; *Bunn v. Braswell,* 139 N.C. 135, 51 S.E. 927 (1905). Therefore, the fact that the consent judgment under discussion was rendered in a cartway proceeding does not limit the scope or affect the validity of the easement granted.

[6]  Since a consent judgment is a contract, *Mullen v. Sawyer,* 277 N.C. 623, 178 S.E. 2d 425 (1971), "[t]he rules which courts have evolved for the interpretation of contracts are applicable to consent judgments. [Citations omitted.] A contract results when there is a meeting of the minds for the settlement or adjustment of asserted or disputed rights and obligations. The words chosen by the draftsman selected to reduce the agreement to writing are merely vehicles to make visible the mutual intention of the parties. Interpretation is, therefore, the ascertainment of that intent. To do so, the entire agreement must be examined with an understanding of the result to be accomplished and the situation of the parties at the moment the contract is made." *In re Will of Stimpson,* 248 N.C. 262, 103 S.E. 2d 352 (1958).

The *contract* between Elmer Lowe and Paul Rhodes provided, *inter alia,* that Elmer Lowe "and his successors in title

forever are given a perpetual right and easement of egress, ingress and regress over and upon the said cartway, as hereinafter described, and the said cartway or easement herein granted is appurtenant to and runs with the petitioner's land as above described."

[7] An appurtenant easement is an incorporeal right attached to the land and incapable of existence separate and apart from the particular land to which it is annexed. 25 Am. Jur. 2d, Easements and Licenses, § 11 (1966). "An appurtenant easement is one which is attached to and passes with the dominant tenement as an appurtenance thereof; it is owned in connection with other real estate and as an incident to such ownership. . . . An easement appurtenant is incapable of existence apart from the particular land to which it is annexed, it exists only if the same person has title to the easement and the dominant estate; it must bear some relation to the use of the dominant estate, and it must agree in nature and quality to the thing to which it is claimed to be appurtenant. An easement appurtenant is incident to an estate, and inheres in the land, concerns the premises, pertains to its enjoyment, and passes with the transfer of the title to the land, including transfer by descent." *Shingleton v. State,* 260 N.C. 451, 133 S.E. 2d 183 (1963).

[8] Applying these rules to the consent judgment on which the rights of the parties depend, it is clear that Paul Rhodes intended to pass, and did pass, to Elmer Lowe an easement in perpetuity appurtenant to and running with the dominant estate to which it was annexed. Plaintiffs had notice thereof and took title to the servient estate burdened therewith. *Hensley v. Ramsey, supra.* In light of that truth, there is no genuine issue as to any material fact remaining and Elmer Lowe is entitled to judgment as a matter of law. Thus, summary judgment for defendant was appropriately entered by the trial court and correctly upheld by the Court of Appeals.

The provisions of G.S. 136-69, limiting the purposes for which a cartway may be laid out, and cases construing and applying cartway statutes, relied on by plaintiffs, are inapposite in the factual setting revealed by the record in this case. The limitations which plaintiffs seek to place on the terms "cartway" and "easement," as used in the consent judgment, through the application of those statutes and cases are inconsistent with the dignity of an easement in perpetuity appurtenant to and running with the dominant estate. "[A]n easement granted or reserved

in general terms, without any limitations as to its use, is one of unlimited reasonable use." 25 Am. Jur. 2d, Easements and Licenses § 74 (1966) ; see *Shingleton v. State, supra.*

For the reasons stated, the decision of the Court of Appeals affirming summary judgment for defendant is

Affirmed.