LOIS G. LEA AND FRANK D. CUMMINGS v. GARLAND (GARFIELD) WALTER DUDLEY AND WIFE LOYCE GEORGIA DUDLEY, J. LEON DUDLEY AND WIFE MARGARET WATERFIELD DUDLEY, O. A. DUDLEY AND WIFE DOWE DUDLEY

No. 731SC738

(Filed 20 February 1974)

1. Judgments § 39— foreign decree determining title to N. C. property

Portion of a Virginia decree which attempted to determine ultimate title to real property located in North Carolina is void since the courts of one state cannot determine title to real property located in another state.

2. Corporations § 28; Judgments § 39— corporate dissolution — conveyance of property in another state to shareholders

In an action for dissolution of a corporation, a court of competent jurisdiction in the state of incorporation with all necessary parties properly before it generally has the authority to order the execution and delivery of a deed to property in another state to the shareholders of the corporation as successors in title to the assets of the corporation.

3. Corporations § 28; Courts § 21— foreign decree — acceptance as matter of comity

In this action to quiet title to realty located partly in this State, a Virginia decree finding plaintiffs to be the successors to a corporation and entitled to the corporation's property will be accepted by the courts of this State as a matter of comity.

**4. Trespass to Try Title § 4— sufficiency of evidence of title**

    In this action to quiet title to realty located partly in North Carolina, plaintiffs made a *prima facie* showing of title sufficient to go to the jury where they introduced in evidence (1) a stipulation that a Virginia corporation was owner of the land in question as of 30 June 1914, (2) a Virginia decree dissolving the corporation, finding plaintiffs to be shareholders of and successors to the corporation, and directing a receiver to convey the land in question to plaintiffs, and (3) the receiver's deed conveying the land to plaintiffs.

APPEAL by plaintiffs from *Hobgood, Judge,* at the 16 April 1973 Special Civil Session of CURRITUCK Superior Court.

This is an action to quiet title to certain property located partly in Princess Anne County, Virginia, (now City of Virginia Beach) and partly in Currituck County, North Carolina known as Little Island, Hammock Island, and part of Deal's Island. This property originally belonged to the Deal's Island Ducking Club, a Virginia corporation. The corporation's charter was revoked by the State of Virginia in 1931 for failure to pay registration fees and franchise taxes. In July of 1970 the plaintiffs instituted a legal proceeding before the Circuit Court for the City of Hampton, Virginia, to determine the assets of the defunct corporation, if any, and to distribute the assets to the persons entitled thereto. The Virginia court determined Frank D. Cummings and Lois G. Lea, shareholders of the corporation (plaintiffs in this action) to be the successors to the corporation and appointed a receiver and directed him to convey the land in question, the only asset of the corporation, to the plaintiffs. The receiver's deed was recorded in Currituck County, North Carolina.

On 24 September 1971 the plaintiffs filed this action to quiet title. The matter was tried before Judge Hobgood on 16 April 1973. At the close of the plaintiffs' evidence, the defendants moved under Rule 50(a) for a directed verdict on the grounds that the deed of the receiver appointed by a Virginia court was ineffective to convey land in North Carolina and that therefore the plaintiffs have no standing to bring this suit in North Carolina and have no right to the relief prayed for in their complaint. The trial court found that as a matter of law the plaintiffs' evidence did not make out a *prima facie* case, granted the defendants' motion, and dismissed the action. From this order the plaintiffs appealed.

*J. Kenyon Wilson, Jr., for the plaintiff appellants.*

*Leroy, Wells, Shaw, Hornthal & Riley by Dewey W. Wells for defendant appellees.*

CAMPBELL, Judge.

[1]   It is accepted law in North Carolina that the courts of one state cannot determine title to real property located in another state. *McRary v. McRary,* 228 N.C. 714, 47 S.E. 2d 27 (1948) ; *Noble v. Pittman,* 241 N.C. 601, 86 S.E. 2d 89 (1955) ; *Fall v. Eastin,* 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909). Therefore, any part of the Virginia decree which attempted to determine ultimate title to North Carolina real estate is void.

[2, 3]   However, a court of competent jurisdiction in the state of incorporation with all necessary parties properly before it in an action for the dissolution of a corporation generally has the power and authority to render a decree ordering the execution and delivery of a deed to property in another state to the share-holders of the corporation as successors in title to the assets of the corporation. Such an order must be considered to be *in personam* in character as the Virginia court could not have *in rem* jurisdiction over a *res* located in North Carolina. As between the parties to the Virginia litigation the decree is *res judicata.* There is, therefore, no necessity to relitigate in North Carolina the question of rights to the assets of the corporation as between the corporation and the shareholders. It is possible that full faith and credit should be given the Virginia decree finding the plaintiffs in this action to be the successors to the corporation and endowed with all the rights and privileges to which this determination entitles them. See generally Wurfel, "Recognition of Foreign Judgments," 50 N.C.L. Rev. 21 (1971) ; Currie, "Full Faith and Credit to Foreign Land Decrees," 21 U. Chi. L. Rev. 620 (1954) ; Lorenzen, "Application of Full Faith and Credit Clause to Equitable Decrees for the Conveyance of Foreign Land," 34 Yale L.J. 591 (1925) ; Barbour, "The Extra-Territorial Effect of the Equitable Decree," 17 Mich. L. Rev. 527 (1919) ; Leflar, *American Conflicts Law,* § 83 (1968) ; Ehrenzweig, *On Conflict of Laws,* § 58 (1962) ; Restatement 2d, Conflict of Laws, § 102 (1971). However, we choose to hold that as a matter of comity the Virginia decree will be accepted and that the plain-tiffs stand in the shoes of the corporation. *McElreath v. Mc-Elreath,* 162 Tex. 190, 345 S.W. 2d 722 (1961). See also, *Tolley*

Lea v. Dudley

v. *Tolley,* 210 Ark. 144, 194 S.W. 2d 687 (1946) ; *Redwood Investment Co. v. Exley,* 64 Cal. App. 455, 221 P. 973 (1923) ; *Rozan v. Rozan,* 49 Cal. 2d 322, 317 P. 2d 11 (1957) ; *Matson v. Matson,* 186 Iowa 607, 173 N.W. 127 (1919) ; *Putnam & Norman v. Conner,* 144 La. 231, 80 So. 265 (1918) ; *Dunlap v. Byers,* 110 Mich. 109, 67 N.W. 1067 (1896) ; *Lyle Cashion Co. v. McKendrick,* 227 Miss. 894, 87 So. 2d 289 (1956) ; *McCune v. Goodwillie,* 204 Mo. 306, 102 S.W. 997 (1907) ; *Burnley, et al v. Stevenson,* 24 Ohio St. 474, 15 Am. Rep. 621 (1873) ; *Beebe v. Brownlee,* 63 Abs. 377, 110 N.E. 2d 64 (1951) ; *Weesner v. Weesner,* 168 Neb. 346, 95 N.W. 2d 682 (1959) ; *Sharp v. Sharp,* 65 Okla. 76, 166 P. 175 (1916) ; *Mallette v. Scheerer,* 164 Wis. 415, 160 N.W. 182 (1916) ; *Bailey v. Tully,* 242 Wis. 226, 7 N.W. 2d 837 (1943). The Virginia decree, of course, did not decide any issue of title as between the defendants in this action and the corporation or as between the defendants and the plaintiff shareholders as successors to the interest of the corporation.

[4] The trial court, at the close of the plaintiffs' evidence, found as a matter of law that the plaintiffs had not made out a *prima facie* case and granted the defendants' motion for a directed verdict. We find this determination to be in error in that the trial court should have given effect to the Virginia decree. We note that the plaintiff introduced into evidence a stipulation that the corporation, Deal's Island Ducking Club, was the owner of the land in question as of 30 June 1914, as well as the Virginia proceedings, decree and deed. The plaintiffs also put forward record proof of a conveyance of the land in question by defendant Garland W. Dudley, et al to W. L. Cogswell dated 1 October 1964 and a conveyance of the same land back to Garland W. Dudley, et al, dated 15 October 1964. The plaintiffs' evidence would seem to satisfy at least the first of the possible methods of establishing a *prima facie* showing of title enumerated in *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142 (1889). See also, *Allen v. Hunting Club,* 14 N.C. App. 697, 189 S.E. 2d 532 (1972), since the common source doctrine, which would also satisfy *Mobley v. Griffin, supra,* might be applicable. See also Marketable Title Act, G.S. Chapter 47B.

Reversed.

Chief Judge BROCK and Judge PARKER concur.