LUCILLE RHOTON KIRSTEIN v. DEWEY SAMSON KIRSTEIN, JR.

No. 8228DC1081

(Filed 20 September 1983)

1. **Judgments § 39— foreign judgment vesting title to realty in N.C.—voidness**
   A judgment of a Kentucky divorce court which purported to vest wholly in defendant title to real property in North Carolina which had been held by the parties as tenants by the entirety was void and not entitled to full faith and credit, since the courts of one state cannot determine title to real property located in another state.

2. **Husband and Wife § 14— creation of estate by the entireties—effect of divorce**
   A conveyance of realty to a husband and wife creates an estate by the entireties. Upon divorce, the estate is converted into a tenancy in common, and each former spouse is entitled to an undivided one-half interest in the property.

3. **Declaratory Judgment Act § 4.4— quieting title to realty**
   A declaratory judgment is the appropriate action to perform the duty of quieting title to real property.

APPEAL by defendant from *Styles, Judge*. Judgment entered 29 July 1982 in District Court, BUNCOMBE County. Heard in the Court of Appeals 31 August 1983.

Plaintiff brought an action for a Declaratory Judgment to declare a Judgment issued by a Kentucky divorce court null and void since it attempted to determine title to real property located in North Carolina.

The court granted plaintiff Summary Judgment and held, in essence:

(1) that the Kentucky Judgment purporting to vest title in defendant was void and not entitled to Full Faith and Credit; and

(2) that the plaintiff was entitled to retain the same interest in the property that she held prior to such Judgment.

The pertinent facts are as follows:

Plaintiff and defendant were married in 1948. In 1966, while the parties were still married, defendant's parents conveyed a parcel of real property in Buncombe County, North Carolina to plaintiff and defendant. A deed was recorded in 1966 in the Office of the Register of Deeds for Buncombe County, vesting title in plaintiff and defendant.

In 1980, defendant was granted a divorce from plaintiff in a Kentucky court. The Kentucky Judgment purported to convey and vest title to the property in Buncombe County wholly in defendant. A deed was recorded in 1980 in the Office of the Register of Deeds for Buncome County purportedly vesting title to the property wholly in defendant.

*Gudger, Reynolds, Ganly, Stewart and Christy, by Jack W. Stewart, for plaintiff-appellee.*

*Van Winkle, Buck, Wall, Starnes and Davis, by Marla Tugwell, for defendant-appellant.*

VAUGHN, Chief Judge.

[1] It is an accepted law in North Carolina that courts of one state cannot determine title to real property located in another state. *Lea v. Dudley*, 20 N.C. App. 702, 202 S.E. 2d 799 (1974); *No-*

*ble v. Pittman*, 241 N.C. 601, 86 S.E. 2d 89 (1955); *McRary v. McRary*, 228 N.C. 714, 47 S.E. 2d 27 (1948). The Kentucky court had no power to determine title to the realty in dispute, which was located in North Carolina.

Plaintiff does not attack the validity of the Kentucky divorce decree. Even if the Kentucky court had jurisdiction over the parties, it does not follow as a corollary that it had jurisdiction over the res. *See In Re Biggers*, 228 N.C. 743, 47 S.E. 2d 32 (1948).

The Full Faith and Credit Clause of the United States Constitution, Article IV, § 1 has no application when the court rendering judgment did not have jurisdiction over the subject matter. *McRary, supra*. To the extent that the Kentucky decree attempted to affect title to property in North Carolina, it is void. *Lea, supra; Noble, supra; McRary, supra*. We are not bound by such part of the Kentucky decree.

We note that a court having jurisdiction over the parties may, by a decree *in personam*, require the execution of a conveyance of real property in another state. *Courtney v. Courtney*, 40 N.C. App. 291, 253 S.E. 2d 2 (1979). We are not, however, presented with such a situation. The Kentucky court did not merely order plaintiff to convey her interest in the North Carolina realty; rather it purported to award title to defendant, consonant with the nature of an *in rem* proceeding — a proceeding to which the Kentucky court had no jurisdiction.

[2] A conveyance of realty to a husband and wife creates an estate by the entireties. *Freeze v. Congleton*, 276 N.C. 178, 171 S.E. 2d 424 (1970). Upon divorce, the estate is converted into a tenancy in common, each former spouse entitled to an undivided one-half interst in the property. *Branstetter v. Branstetter*, 36 N.C. App. 532, 245 S.E. 2d 87 (1978). Pursuant to such generally accepted principles of law, plaintiff is a co-tenant with defendant, her former husband, and is entitled to a one-half undivided interest in the disputed property.

[3] There are no genuine issues of material fact in controversy between the parties. The legal principles are settled and clear. Finally, a Declaratory Judgment is the appropriate action to perform the duty of quieting title to real property. *York v. Newman*, 2 N.C. App. 484, 163 S.E. 2d 282, *cert. denied*, 274 N.C. 518 (1968).

We, therefore, affirm the trial court order.

Affirmed.

Judges WHICHARD and PHILLIPS concur.