**BUCHANAN v. WEBER**

[152 N.C. App. 180 (2002)]

LARRY FRANKLIN BUCHANAN, Plaintiff v. BRENDA JOYCE DEITZ WEBER,
Defendant

No. COA01-978

(Filed 6 August 2002)

**Divorce— foreign judgment—title to real property—severabil-
ity—full faith and credit**

Although a Kansas divorce judgment attempted to determine
the title to real property in North Carolina and it is accepted law
in North Carolina that courts of one state cannot determine title
to real property located in another state, that part of the judgment
is severable and our courts are required to give full faith and
credit to the remainder of the Kansas divorce judgment absent
the sentence attempting to determine title to North Carolina
property.

Appeal by defendant from judgment entered 14 December 2000
by Judge Thomas W. Seay in Jackson County Superior Court. Heard in
the Court of Appeals 24 April 2002.

*Law Offices of Kenneth W. Fromknecht, II, P.A., by Kenneth W.
Fromknecht, II, for plaintiff-appellee.*

*Van Winkle Buck Wall Starnes & Davis, P.A., by Carolyn Clark,
for defendant-appellant.*

*Amy E. Ray, for defendant-appellant.*

CAMPBELL, Judge.

Defendant appeals an order finding her liable for breaching a
divorce stipulation and agreement ("agreement"), which was subse-
quently incorporated into a Kansas divorce judgment that required
her to disclose to plaintiff property she owned in North Carolina. We
remand this case to the trial court to enter a judgment that is con-
sistent with this opinion.

Plaintiff and defendant were married on 22 December 1965. On 21
September 1988, defendant's parents deeded approximately 4.89
acres of property to defendant located in Jackson County, North
Carolina, retaining a life estate in themselves. Defendant's parents
executed a deed releasing their life estate on 17 May 1989, leaving
defendant with fee simple title in the property.

BUCHANAN v. WEBER

[152 N.C. App. 180 (2002)]

On 13 December 1996, defendant filed for divorce in Leavenworth County, Kansas. At the same time, defendant filed a domestic relations affidavit ("affidavit") that included information pertinent to the divorce. Under Item Number 15 of the affidavit, which set forth "real property identified as to description, ownership . . . and actual or estimated value," plaintiff identified the parties' marital home located in Lansing, Kansas. Under Item Number 16, which set forth "the property, if any, acquired by each of the parties prior to marriage or acquired during the marriage by a will or inheritance[,]" defendant identified the North Carolina property deeded to her by her parents. According to defendant, her attorney decided to list this property under Item Number 16 because it was originally intended to be a part of defendant's inheritance; however, defendant's parents gave defendant the property before they died so that they could see her enjoy it.

On 27 December 1996, plaintiff and defendant signed an agreement for the purpose of dividing their property and allocating custody and maintenance duties. Paragraph 19 of the agreement provided for the disposition of property undisclosed by either party and stated:

> The parties acknowledge that each one has been furnished with sufficient information relating to the financial affairs of the other and that they have fully accounted for all property interest received prior to and during the marriage of the parties. Any property not disclosed and in which either party may have an interest of ownership shall, upon discovery of such ownership, be sold and the proceeds thereof divided equally between the parties hereto. This Agreement shall be considered an instrument of conveyance of one-half (1/2) interest in such property of the non-owning party hereunder.

The agreement was incorporated into and adopted as part of the parties' divorce judgment that was entered on 13 February 1997 in the District Court of Leavenworth County, Kansas.

On 11 January 1999, approximately two years from the date of the divorce, plaintiff filed a complaint against defendant in the Superior Court of Jackson County, North Carolina. The complaint alleged that at the time of the parties' divorce, defendant had failed to disclose to plaintiff her ownership of North Carolina property and that such failure was a violation of their agreement and subsequent divorce judgment. Plaintiff's complaint raised claims for enforcement of a foreign

judgment, fraud in the inducement, negligent misrepresentation, and breach of contract. On 11 May 1999, plaintiff amended his complaint to also include claims for specific performance and quiet title.

The trial in this matter began on 11 December 2000. Plaintiff testified that he first learned of defendant's ownership of the property when he found a property tax statement from Jackson County following their divorce. He also testified that defendant's affidavit listing the property was neither shown to him nor discussed. Defendant testified, however, that plaintiff became aware of her ownership of the property as soon as she received it and that they had discussed using the property to generate retirement income. Additionally, defendant offered the testimony of several other witnesses, such as the parties' two children, in an effort to establish plaintiff's knowledge of the property at the time of their divorce. Defendant also produced documentary evidence, such as copies of the parties' joint income tax returns and property tax statements, that suggested plaintiff was aware of her ownership of the property.

Despite the evidence presented by defendant, the jury returned a verdict in favor of plaintiff on 14 December 2000, finding that defendant had breached their agreement by failing to disclose her ownership of the property at or before the time of the Kansas divorce proceeding.[1] Defendant moved for judgment notwithstanding the verdict ("JNOV"). The court denied this JNOV motion. Thereafter, the trial court entered judgment in favor of plaintiff and ordered a public judicial sale of the property with the net proceeds divided equally between the parties. Defendant appeals.

The dispositive issue on appeal is whether the Kansas divorce judgment attempted to determine the title to real property in North Carolina thereby making it unenforceable. For the following reasons, we find that it did.

"Under the provisions of Article IV, § 1 of the United States Constitution it is required that full faith and credit be given to a judgment of a court of another state." *Courtney v. Courtney*, 40 N.C. App. 291, 295, 253 S.E.2d 2, 4 (1979) (citations omitted). However, "[i]t is

---

1. It appears the trial court only instructed the jury on plaintiff's breach of contract claim based on the following issue presented on the verdict sheet: "Did the Defendant, Joyce Weber, breach the settlement contract by failing to disclose her ownership of the Jackson County real property to the Plaintiff, Larry Buchanan, at or before the time of the divorce proceeding in Kansas in December, 1996?" Plaintiff does not assign error to the court's decision not to instruct the jury on the other claims raised in his complaint or amended complaint.

accepted law in North Carolina that courts of one state cannot determine title to real property located in another state." *Kirstein v. Kirstein*, 64 N.C. App. 191, 192, 306 S.E.2d 552, 553 (1983) (citations omitted). When the court rendering judgment has no jurisdiction over the property, the Full Faith and Credit Clause is not applicable. *Id.* at 193, 306 S.E.2d at 553. Thus, "[a] judgment seeking to apportion the rights of the parties to property outside the jurisdiction of the court rendering it may be given extra-state effect for many purposes, but it does not establish any right in the property itself, enforceable in the state of its *situs*." *McRary v. McRary*, 228 N.C. 714, 718, 47 S.E.2d 27, 30 (1948) (citations omitted).

In the present case, the last sentence in Paragraph 19 of the parties' agreement states: "This Agreement shall be considered *an instrument of conveyance* of one-half (1/2) interest in such property of the non-owning party hereunder." (Emphasis added). The Kansas court incorporated the entire agreement, including Paragraph 19, into the parties' divorce judgment. In doing so, that court directly attempted to determine title to real property located in North Carolina. Since the Kansas court was without jurisdiction over the subject matter, any judgment attempting to affect the title to that subject matter is void and unenforceable whether entered on the merits or by consent of the parties. *See id.* at 719, 47 S.E.2d at 31. Thus, we are not compelled by the Full Faith and Credit Clause to enforce this conveyance.

Nevertheless, plaintiff argues that even if this Court determines that the Kansas divorce judgment did attempt to determine the title to North Carolina real property, the remainder of the judgment should be enforced. Essentially, plaintiff contends that the last sentence in Paragraph 19 could be "severed" to allow sale of the property and an equitable division of the proceeds as per the previous sentences in the paragraph. Plaintiff supports his argument by citing case law which tends to suggest that only those parts of a foreign judgment that attempt to determine ultimate title to North Carolina property are void. *See id.* at 720, 47 S.E.2d at 32 (holding that "[s]o much of the [foreign] judgment as attempts to affect the title to [North Carolina property], . . . is a nullity."); *Kirstein v. Kirstein*, 64 N.C. App. 191, 193, 306 S.E.2d 552, 553 (1983) (holding "to the extent that the [foreign] decree attempt[s] to affect title to property in North Carolina, it is void."); *Courtney v. Courtney*, 40 N.C. App. 291, 297, 253 S.E.2d 2, 5 (1979) (holding that "any part of a foreign decree which attempted to determine ultimate title to North Carolina realty [is] void.").

Although not specifically addressed previously by the courts of this State, severance of a court judgment appears to be a viable alternative only when that part of the judgment to be severed is separate and distinct from the whole thereby allowing it to be considered independently. *See* 46 Am. Jur. 2d *Judgments* § 22 (1994). Based upon our reading of Paragraph 19, we conclude that the last sentence can be considered independently from the remainder of the sentences in the paragraph so as to effectively allow severance. Severing the sentence would no longer result in the Kansas judgment determining title to North Carolina property. The Kansas court, having *in personam* jurisdiction, could instead require defendant to execute a conveyance or sale of real property in North Carolina. *See Courtney*, 40 N.C. App. at 296, 253 S.E.2d at 4.

Finally, our Supreme Court has held that "[a] marital separation agreement is generally subject to the same rules of law with respect to its enforcement as any other contract." *Cavenaugh v. Cavenaugh*, 317 N.C. 652, 657, 347 S.E.2d 19, 22-23 (1986) (citing *Moore v. Moore*, 297 N.C. 14, 16, 252 S.E.2d 735, 737 (1979)). However, once an agreement is incorporated into a court judgment, it loses its contractual nature. *Id.* at 659, 347 S.E.2d at 24 (citation omitted). Here, the issue presented to the jury was whether "the Defendant, Joyce Weber, breach[ed] the settlement contract by failing to disclose her ownership of the Jackson County real property to the Plaintiff, Larry Buchanan, at or before the time of the divorce proceeding in Kansas in December, 1996?" Despite the trial court erroneously presenting the jury with an issue that was contractual in nature (considering the parties' agreement had previously been incorporated into the Kansas divorce judgment), we find that error to be harmless based on the circumstances in this case. The dispositive issue that the jury was asked to determine was whether defendant failed to disclose her ownership of real property located in North Carolina. Since the jury determined that defendant did fail to disclose such ownership, we conclude that the court's presentation of the issue using contract language was irrelevant. Therefore, we are required to give full faith and credit to the remainder of the Kansas divorce judgment (absent the sentence attempting to determine title to North Carolina property) and the relief granted to plaintiff therein.

Accordingly, for the aforementioned reasons, we remand this case to the trial court to enter a judgment which gives full faith and credit to the remainder of the Kansas divorce judgment that does not determine title to real property in North Carolina.

Modified and remanded.

Judges WALKER and McGEE concur.